IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| KIMBERLY CUMMINGS<br>431 Industry Road<br>Atwater, OH 44201,<br><br>   Plaintiff,<br><br>  v.<br><br>THE PRUDENTIAL INSURANCE<br>COMPANY OF AMERICA<br>751 Broad Street<br>Newark, New Jersey 07102,<br><br>   Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO. 5:17CV02165<br><br>JUDGE |

## NOTICE OF REMOVAL

Defendant The Prudential Insurance Company of America (incorrectly named "Prudential Insurance Company of America") ("Prudential"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, submits the following Notice of Removal with respect to the above captioned case, which was filed in the Court of Common Pleas, Portage County, Ohio, Case No. 2017-CV-00788. In support of this Notice of Removal, Prudential states the following:

### Timeliness And Background

1. On September 12, 2017, Plaintiff Kimberly Cummings ("Plaintiff") commenced a civil action against Prudential by filing a complaint in the Court of Common Pleas, Portage County, Ohio. The lawsuit is recorded on that court's docket as Case No. 2017-CV-00788. There are no other parties named in Plaintiff's complaint.

2. Prudential was served by certified mail on September 18, 2017. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the summons and Plaintiff's complaint, which constitute "all summons, pleadings, and orders" served upon Prudential in the state court action,

1

is attached hereto as Exhibit A. Because Prudential has filed this Notice of Removal within thirty days of service, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b).

3. Plaintiff's spouse, Douglas A. Cummings, died on September 21, 2016. (Compl. ¶¶ 2, 11.) In her complaint, Plaintiff alleges that her spouse was covered under an accidental death and dismemberment ("AD&D") insurance policy insured by Prudential (the "Policy"). (Compl. ¶¶ 8-9.) Plaintiff seeks AD&D benefits pursuant to the Policy. The gravamen of Plaintiff's complaint is that she is entitled to proceeds under the Policy upon her spouse's death. (*See generally* Ex. A).

4. The benefit amount in question is $500,000.00. (Compl. ¶¶ 8, 34, 38.)

5. Plaintiff asserts a state law breach of contract claim related to Prudential's denial of her claim for AD&D benefits. (Compl. ¶ 26-37.) Plaintiff seeks benefits under the Policy as well as attorney's fees and costs. (*Id.* at ¶¶ 38-42.)

**This Case Is Removable Based Upon Diversity Jurisdiction**

6. Pursuant to 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different States." 28 U.S.C. § 1332(a).

7. In this case, both the "diversity" and "amount in controversy" requirements are met.

**The Parties Are Diverse**

8. As reflected in Plaintiff's Complaint, Plaintiff is a resident and a citizen of the State of Ohio. (Compl. ¶ 3.)

9. Section 1332 defines corporate citizenship as follows: "[f]or the purposes of this section and section 1441 of this title...a corporation shall be deemed to be a citizen of every State

and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…." 28 U.S.C. § 1332(c).

10. Prudential is incorporated under the laws of the State of New Jersey, and its principal place of business is located in Newark, New Jersey. Prudential is not a citizen of the State of Ohio. *See* 28 U.S.C. § 1332(c)(1).

11. Thus, Plaintiff and Prudential are citizens of different states, and this case is "between citizens of different states." 28 U.S.C. §§ 1332(a), (c).

### The Amount In Controversy Exceeds $75,000

12. Plaintiff requests damages in the amount of $500,000 or the maximum amount allowed under the Policy, as well as attorney's fees. (Compl. at WHEREFORE clause.)

13. The benefit amount in question is $500,000. (Compl. ¶¶ 8, 34, 38.)

14. Here, given that the AD&D policy at issue is worth $500,000, the amount in controversy is at least $75,000, exclusive of interest and costs.

15. Accordingly, the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1332(c).

16. Based on the foregoing, this Court has original jurisdiction over Plaintiff's claims. *See* 28 U.S.C. §§ 1332(a), (c).

17. This action is removable to this Court. 28 U.S.C. §§ 1441(a), (b).

### Venue And Notice

18. Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Venue is proper in this District because, pursuant 28 U.S.C. § 115(a)(1), this District embraces the Court of Common Pleas, Portage County, Ohio, the place where the removed action had been pending. 28 U.S.C. § 1441(a).

19. Promptly upon the filing of this Notice of Removal, Prudential shall file a Notice of Filing of Notice of Removal, with a copy of the Notice of Removal, with the Court of Common Pleas, Portage County, Ohio, and will serve a copy thereof on Plaintiff through her counsel, pursuant to 28 U.S.C. 1446(d). A copy of this notice is attached hereto at Exhibit B.

## Conclusion

20. Based on the foregoing, this Court has original jurisdiction over this action based on the diversity of the parties under 28 U.S.C. § 1332; therefore, the Court properly may exercise jurisdiction over this lawsuit. 28 U.S.C. § 1441(a).

21. Should Plaintiff seek to remand this case to state court, Prudential respectfully asks that it be permitted to brief and argue the issue of this removal prior to any order remanding this case. In the event the Court decides that remand is proper, Prudential asks that the Court retain jurisdiction and allow Prudential to file a motion asking this Court to certify any remand order for interlocutory review by the Sixth Circuit Court of Appeals, pursuant to 28 U.S.C. § 1292(b).

WHEREFORE, The Prudential Insurance Company of America requests that the above-described action pending against them be removed to this Court. The Prudential Insurance Company of America also requests all other relief, at law or in equity, to which they justly are entitled.

Respectfully Submitted,

*/s/ Donald C. Bulea*
Donald C. Bulea (0084158)
GIFFEN & KAMINSKI, LLC
1300 East Ninth Street, Suite 1600
Cleveland, Ohio 44114
Telephone: 216-621-5161
Facsimile: 216-621-2399
E-mail: dbulea@thinkgk.com
***Counsel for Defendant The Prudential Insurance Company of America***

**CERTIFICATE OF SERVICE**

I certify that on October 13, 2017, a true and correct copy of this *Notice of Removal* was served:

Via Federal Express and Electronic Mail upon the following Parties:

Jack Landskroner
Tom Merriman
LANDSKRONER GRIECO MERRIMAN, LLC
1360 West Ninth Street, Suite 200
Cleveland, Ohio 44113-1254
jack@lgmlegal.com
***Counsel for Plaintiff Kimberly Cummings***

>                                       */s/ Donald C. Bulea*
>                                       Donald C. Bulea (0084158)
>                                       ***Counsel for Defendant The Prudential Insurance Company of America***